UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TERRY L. FLEMINGS, | ) |
| Plaintiff, | ) |
| v. | ) No. 6:21-cv-287 |
| APEX BUSINESS SOLUTIONS, LLC, and JOSHUA NEAL, | ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, TERRY L. FLEMINGS, by and through her attorneys, alleges the following against Defendant, APEX BUSINESS SOLUTIONS, LLC and JOSHUA NEAL ("Apex" and "Neal" respectively and "Defendants" collectively):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this district.

1

## PARTIES

5. Plaintiff is a natural person residing in the City of Harker Heights, Bell County, State of Texas.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Apex is a debt collector as that term is defined by the FDCPA.

9. Neal is a debt collector as that term is defined by the FDCPA.

10. Apex is a California limited liability company headquartered in the City of Colton, San Bernardino County, State of California.

11. Neal is a natural person residing in the State of California.

12. Defendants are engaged in the collection of debt within the State of Texas.

13. Defendants regularly collect, or attempt to collect, debts allegedly owed, or originally owed, to third parties.

14. The principal purpose of Defendants' business is the collection of debts allegedly owed, or originally owed, to third parties.

15. During the course of its attempts to collect debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### *Terry L. Flemings v. Apex Business Solutions, LLC*

17. Apex is attempting to collect consumer debts from Plaintiff, which are allegedly owed by

      Plaintiff arising from an unpaid Household Bank, SB account and an unpaid Sprint account.

18. Plaintiff's alleged debts owed arise from transactions for personal, family, or household purposes.

19. In June 2020, Plaintiff received undated correspondence from Defendant entitled, NOTICE OF INTENTION TO FILE AN I.R.S. 1099-C FORM, which attempts to collect the alleged debt from Plaintiff.  (A true-and-correct of the Household Bank, SB Notice is attached hereto as Exhibit A).

20. In June 2020, Plaintiff received undated correspondence from Apex entitled, NOTICE OF INTENTION TO FILE AN I.R.S. 1099-C FORM, which attempts to collect the alleged debt from Plaintiff.  (A true-and-correct of the Sprint Notice is attached hereto as Exhibit B).

21. The Notices purport to have been sent by "Offices of Taylor and Associates".

22. Apex and Offices of Taylor and Associates are one and the same.

23. Offices of Taylor and Associates is not a legitimate assumed name.

24. The purported current owner of the alleged debts is Offices of Taylor and Associates.

25. At all times relevant hereto, Apex was not registered as a third-party debt collector with the Texas Secretary of State.[1]

26. At all times relevant hereto, Apex was not even registered to do business in the State of Texas.[2]

27. The Notices are rife with violations of the FDCPA.

---

[1] https://direct.sos.state.tx.us/debtcollectors/DCSearch.asp (last accessed Feb. 25, 2021).
[2] https://mycpa.cpa.state.tx.us/coa/ (last accessed Feb. 25, 2021).

28. The Notices contain false, deceptive, or misleading representations regarding the income tax consequences if the alleged debts were forgiven/canceled. For example, Plaintiff could qualify for the "insolvency exclusion"[3] and not be required to include the amounts of the forgiven/canceled debts as part of her income and accordingly not owe any income tax on the forgiven/canceled debts.

29. The Notices contains false representations or implications that Apex is vouched for, bonded by, or affiliated with the United States or any State with the incorporation of an IRS Form 1099-C in its Notices.

30. The Notices use a business, company, or organization name (Offices of Taylor and Associates) other than the true name of Apex's business, company, or organization.

31. The Notices are use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to their source, authorization, or approval because of their incorporation of an IRS Form 1099-C.

32. The Notices fail to disclose that Apex is debt collector and is attempting to collect a debt and that any information obtained will be used for that purpose.

33. Plaintiff disputes owing the alleged debts.

34. *Arguendo*, even if Plaintiff does owe an alleged debt arising from a Household Bank, SB account, it would have been charged-off in 2008. (Ex. A).

35. *Arguendo*, even if Plaintiff does owe an alleged debt arising from a Sprint account, it would have been charged-off in 2003. (Ex. B).

36. There have been no further transactions with regard to the alleged Household Bank, SB

---

[3] https://www.irs.gov/newsroom/what-if-i-am-insolvent (last accessed Feb. 25, 2021).

account since 2008.

37. There have been no further transactions with regard to the alleged Sprint account since 2008.

38. The applicable statute of limitations in Texas to bring legal action to collect on the alleged debts is not more than four (4) years.

39. The statute of limitations has long passed for bringing legal action against Plaintiff to collect on the alleged debts.

40. In its Notices to Plaintiff regarding the alleged debts:

   a. Apex attempted to collect a time-barred debt from Plaintiff without disclosing that Apex could not sue Plaintiff to collect on the alleged debt;

   b. Apex attempted to collect a time-barred debt from Plaintiff without disclosing that a partial payment on the alleged debt would revive/reset the statute of limitations; and

   c. Apex attempted to collect a time-barred debt from Plaintiff without disclosing that a promise to pay the alleged debt would revive/reset the statute of limitations.

41. The Notices were the initial and only communication between Apex and Plaintiff with regard to the alleged debts.

42. Although Apex is clearly attempting to collect the alleged debts from Plaintiff with the Notices, the Notices do not contain certain notices to Plaintiff as required by 15 U.S.C. § 1692g(a).

43. More than five days have passed since Apex's initial communications with Plaintiff and Apex has never sent certain written notices to Plaintiff as required by 15 U.S.C. § 1692g(a).

44. Apex's failure to comply with 15 U.S.C. § 1692g(a) overshadowed or was inconsistent

5

with the disclosure of Plaintiff's right to dispute the alleged debts.

45. To date, Plaintiff has not accepted any of Apex's settlement offers.

46. To date, Apex has not reported the alleged debts as forgiven/canceled to the IRS.

47. Apex has never intended to report the alleged debts as forgiven/canceled to the IRS.

48. Apex's above-referenced actions were calculated to deceive Plaintiff into payment of the alleged debts and/or revise/reset the statute of limitations.

49. Apex's above-referenced actions were calculated to coerce Plaintiff into payment of the alleged debts.

50. The natural consequences of Apex's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debts Plaintiff allegedly owes.

51. The natural consequences of Apex's actions was to produce an unpleasant and/or hostile situation between Apex and Plaintiff.

52. The natural consequences of Apex's actions was to cause Plaintiff mental distress.

### *Terry L. Flemings v. Apex Business Solutions, LLC*

53. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-52 herein, with the same force and effect as if the same were set forth at length herein.

54. Neal is the owner, principal, and chief executive of Apex.

55. At all relevant times, acting alone or in concert with others, Neal has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Apex, and its employees, including the acts and practices set forth in this Complaint.

56. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

57. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

**DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

58. Defendants violated the FDCPA based on the following:

    a. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

    b. Defendants violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Apex engaged in, at least, the following discrete violations of § 1692e;

    c. Defendants violated § 1692e(1) of the FDCPA by their false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof;

    d. Defendants violated § 1692e(2)(A) of the FDCPA by their false representation of

the character, amount, or legal status of any debt;

e. Defendants violated § 1692e(5) of the FDCPA by their threat to take any action that cannot legally be taken or that is not intended to be taken;

f. Defendants violated § 1692e(9) of the FDCPA by their use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval;

g. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Apex engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

h. Defendants violated § 1692e(11) of the FDCPA by their failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action;

i. Defendants violated § 1692e(11) of the FDCPA by their use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization;

j. Defendants violated § 1692f of the FDCPA by their use of unfair or

   unconscionable means to collect or attempt to collect any debt;

  k. Defendants violated § 1692g(a) of the FDCPA; and

  l. Defendants violated § 1692g(b) of the FDCPA.

WHEREFORE, Plaintiff, TERRY L. FLEMINGS, respectfully requests judgment be entered against Defendants, APEX BUSINESS SOLUTIONS, LLC and JOSHUA NEAL, both jointly and severally, for the following:

  a. Actual damages in an amount to be determined at trial;

  b. Statutory damages of $1,000.00 for each alleged debt attempted to be collected by Defendants pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

  c. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

  d. Any other relief that this Honorable Court deems appropriate.

DATED: March 23, 2021

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ Michael S. Agruss
Michael S. Agruss
IL State Bar #: 6281600
Agruss Law Firm, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff

9

# **EXHIBIT A**

## OFFICES OF TAYLOR AND ASSOCIATES

PO Box 1703
Colton, CA 92324
Phone (800) 447-9084

Terry Flemings         9  3204
1609 Inca Dr Apt D
Harker Heights, TX 76548-2389

## NOTICE OF INTENTION TO FILE AN I.R.S. 1099-C FORM

The Offices of Taylor and Associates is the legal owner of the account referenced in the box below. If one of the settlement offers is not met we will have to write this debt off our books and report it as an "uncollectable" debt to the **I.R.S. through a 1099-C filing.** The I.R.S. will add the money you owe Taylor and Associates to your total taxable income. **They will expect you to pay taxes on that income, which could exceed 30-50% depending on your circumstances.**

| ORIGINAL CREDITOR | Household Bank (Sb) |
|---|---|
| CURRENT ACCOUNT NUMBER | 5.43339E+15 |
| CURRENT CREDITOR | Offices of Taylor and Associates |
| CHARGE-OFF BALANCE | $4,749.00 |
| INTEREST | $5,573.89 |
| TOTAL AMOUNT OWED | $10,322.89 |
| CHARGE OFF DATE | 6/8/2008 |
| CLIENT CLAIM NUMBER | 20Q51157 |

Taylor and Associates are willing to offer you two settlement options lower than what would be paid to the IRS. This is a one-time offer and our last attempt to settle this account before submitting a **1099-C to the I.R.S.**

*Taylor and Associates will accept a one-time payment in the amount of  **$1,032.29**

*Taylor and Associates will accept **6** monthly payments for the amount of  **$251.20**

**If no settlement is agreeable please detach the form below and file it with your 2020 taxes**

| CREDITOR'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no.<br><br>Offices of Taylor and Associates<br>PO Box 1703<br>Colton, CA  92324<br>(800) 447-9084 | 1 Date of identifiable event<br>24-Mar-20 | OMB No. 1545-1424<br><br>**2020**<br><br>Form **1099-C** | Copy B<br>For Debtor |
|---|---|---|---|
| | 2 Amount of debt discharged<br>$10,322.89 | | |
| | 3 Interest if included in box 2<br>$5,573.89 | | |
| CREDITOR'S federal identification number: | DEBTOR'S identification number | 4 Debt description<br><br>Cancellation of debt | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines. |
| DEBTOR'S name<br>Terry Flemings | | | |
| Street address (including apt. no.)<br>1609 Inca Dr Apt D | | 5 If checked, the debtor was personally liable for repayment of the debt  . . . . . . . . .▶ [X] | |
| City or town, state or province, country, and ZIP or foreign postal code<br>Harker Heights, TX 76548-2389 | | | |
| Account number (see instructions)<br>5.43339E+15 | | 6 Identifiable event code<br>G | 7 Fair market value of property<br>$ |

11798-20

# **EXHIBIT B**

# OFFICES OF TAYLOR AND ASSOCIATES

PO Box 1703
Colton, CA. 92324
Phone (800) 447-9084

TERRY FLEMINGS
1609 INCA DR APT D
HARKER HEIGHTS TX 76548

## NOTICE OF INTENTION TO FILE AN I.R.S. 1099-C FORM

The Offices of Taylor and Associates is the legal owner of the account referenced in the box below. If one of the settlement offers below is not met we will have to write this debt off our books and report it as an "uncollectable" debt to the **I.R.S. through a 1099-C filing.** The I.R.S. will add the money you owe Taylor and Associates to your total taxable income. **They will expect you to pay taxes on that income, which could exceed 50% depending on your circumstances.**

| ORIGINAL CREDITOR | SPRINT LTD |
|---|---|
| CURRENT ACCOUNT NUMBER | 2546804993326 |
| CURRENT CREDITOR | Offices of Taylor and Associates |
| CHARGE-OFF BALANCE | $1,040.69 |
| INTEREST | $1,741.52 |
| TOTAL AMOUNT OWED | **$2782.21** |
| CHARGE OFF DATE | 9/11/2003 |
| CLIENT CLAIM NUMBER | 20Y13887 |

Taylor and Associates are willing to offer you a lower settlement amount then what would be owed to the IRS. This is a one-time offer and our last attempt to settle this account before submitting a **1099-C to the I.R.S.**

\* Taylor and Associates will accept a one-time payment in the amount of $556.44

\* Taylor and Associates will accept **6** monthly payments for the amount of $110.08

**If no settlement is agreeable please detach the form below and file it with your 2020 taxes**

-------------------------------------------------------------------------------------------------------------------------------------

| CREDITOR'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no.<br><br>Offices of Taylor and Associates<br>PO Box 1703<br>Colton, CA 92324<br>(800) 447-9084 | **1** Date of identifiable event<br>**6/12/2020** | OMB No. 1545-1424<br><br>**2020**<br><br>Form **1099-C** | Copy B<br>**For Debtor** |
|---|---|---|---|
| | **2** Amount of debt discharged<br>$2782.21 | | |
| | **3** Interest if included in box 2<br>$1,741.52 | | |
| CREDITOR'S federal identification number: | DEBTOR'S identification number<br>XXX-XX-7373 | **4** Debt description<br><br>Cancellation of debt | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines. |
| DEBTOR'S name<br>TERRY FLEMINGS | | | |
| Street address (including apt. no.)<br>1609 INCA DR APT D | **5** If checked, the debtor was personally liable for repayment of the debt . . . . . . . ▸ [X] | | |
| City or town, state or province, country, and ZIP or foreign postal code<br>HARKER HEIGHTS TX 76548 | | | |
| Account number (see instructions)<br>2546804993326 | **6** Identifiable event code<br>C | **7** Fair market value of property<br>$ | |